**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GENESIS CAPITAL, LLC**<br>**15303 Ventura Boulevard, Suite 700**<br>**Sherman Oaks, CA 91403**<br><br>    **Plaintiff,**<br><br>**vs.**<br><br>**THE LAURAVIN LUXURY APARTMENTS**<br>**HOMES, LLC**<br>**5614 Connecticut Avenue Northwest, Suite 134**<br>**Washington, D.C. 20015**<br><br>**SERVE:**<br>**MONIQUE N. OWENS, Registered Agent**<br>**2316 Rhode Island Avenue Northeast**<br>**Washington, D.C. 20018**<br><br>    **Defendant.**<br>_____ | Case No. _____ |

**VERIFIED COMPLAINT FOR APPOINTMENT
OF A RECEIVER, INJUNCTIVE AND OTHER RELIEF**

COMES NOW the Plaintiff, GENESIS CAPITAL, LLC ("Lender" or "Plaintiff"), by and through its undersigned counsel, and states as follows for its Verified Complaint for Appointment of a Receiver, Injunctive and Other Relief ("Complaint") against the Defendant, THE LAURAVIN LUXURY APARTMENTS HOMES, LLC ("Borrower" or "Defendant"). Plaintiff seeks the appointment of a receiver for real and personal property owned and operated by Borrower and located in Washington, D.C., for the purpose of taking control of and safeguarding the real property and all personal property located thereon, and collecting the rents associated with the property, all as an incident to Plaintiff's enforcement of its security interest in the property, through foreclosure or other remedies. Plaintiff also asks for preliminary and permanent injunctive relief in support of

the receivership, and in support of Plaintiff's position as secured creditor. The grounds for the appointment of the receiver and other relief are more fully set forth below and, in the exhibits, attached hereto.

## JURISDICTION AND VENUE

1.      Lender is a Delaware limited liability company with its principal place of business in Los Angeles, California.  Lender is wholly owned by NRZ Services Holdings LLC, a Delaware limited liability with its principal place of business in New York, New York.  NRZ Services Holdings LLC is wholly owned by NRZ Mortgage Holdings LLC, a Delaware limited liability with its principal place of business in New York, New York.  NRZ Mortgage Holdings LLC is wholly owned by Rithm Capital Corp. f/k/a New Residential Investment Corp., a publicly traded Delaware corporation with its principal place of business in New York, New York.

2.      Borrower is a limited liability company organized under the laws of the District of Columbia and the owner, in fee simple, of the real property that is the subject of this action and described in more detail herein.  Borrower has two members – Richard Cunningham, Jr. and Elaine Marion Cunningham – who are adult residents of either Maryland or the District of Columbia.

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant, and each of their respective members (or members of their members) are citizens of different states and the amount in controversy, exclusive of interest and costs, is greater than $75,000.00.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this receivership proceeding is located in the District of Columbia, which is within the jurisdiction of this Court.

5.      This Court has personal jurisdiction over Defendant pursuant to the provisions of D.C. Code §§ 13-422, 13-423(a)(1), and 13-423(a)(5), since Defendant is domiciled in and organized under the laws of the District of Columbia, and since Defendant has an interest in real property located in the District of Columbia.

## BRIEF FACTUAL BACKGROUND

6.      Borrower is the owner of real property and improvements thereon located at 1701 E Street Northeast, Washington, D.C. 20002, and described in more detail in the Deed of Trust (as hereinafter defined) (the "Property").

7.      The Property is a six-unit residential apartment building occupied by individual tenants who receive rental assistance from the District of Columbia Department of Human Services ("DCDHS") pursuant to the Family Re-housing & Stabilization Program ("FRSP").  Pursuant to the FRSP the DCDHS pays the tenants' rent for each unit directly to the Borrower.

8.      Lender is the holder of a Promissory Note dated April 13, 2022 (the "Note") made by Borrower to the order of Lender, evidencing a loan (the "Term Loan") from Lender to Borrower in the original principal sum of $3,075,000.00 (the "Indebtedness"). A true and correct copy of the Note is attached hereto marked **Exhibit 1**.

9.      The Term Loan is further evidenced by a Term Loan Agreement between Borrower and Lender dated April 13, 2022 (the "Loan Agreement"), a true and correct copy of which is attached hereto marked **Exhibit 2**.

10.     Repayment of the Note and performance of the Borrower's obligations under the Loan Agreement is secured, in part, by that certain Deed of Trust from Borrower to Premium Title & Escrow, LLC ("Trustee") for the benefit of the Lender dated April 13, 2022, and recorded April

3

21, 2022, as Document # 2022044068 in the Recorder of Deeds for the District of Columbia (the "Deed of Trust"). A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 3**.

11.    The Deed of Trust conveyed into trust and created a security interest in the Property in favor of the Lender as to, among other things:

a.    The Property and all personal property and improvements thereon (the "Personal Property," all as is defined in the Deed of Trust);

b.    All present and future leases and all rents from the Property (the "Rents"); and

c.    All proceeds of any sale of the Property to the extent they do not exceed the amounts outstanding under the Loan Documents (the "Proceeds").

12.    Lender is the owner, holder, and beneficiary of the Note, the Loan Agreement, the Deed of Trust, the holder of a security interest in the Property conveyed by the Deed of Trust, and the party entitled to enforce all rights and remedies under the Note, the Deed of Trust, and the Loan Agreement.

13.    Defendant is in default under the Note, the Loan Agreement, the Deed of Trust, and all other documents evidencing the Term Loan (collectively, the "Loan Documents") as a consequence of (a) its failure to pay the installments of principal and interest due and owing under the Note for the months of January, February, and March, 2023, and (b) its failure to maintain and preserve the Property.

14.    Borrower's failure to maintain and preserve the Property is evidenced by the "Verified Complaint to Enforce Housing Code Violations" filed by one of the tenants of the Property, Marissa Braddy, in Case No. 2022-CA-004601-H (the "Housing Code Case") pending the Superior Court of the District of Columbia, a true and correct copy of which is attached hereto

4

as **Exhibit 4**.  As of March 21, 2023, Borrower had failed to respond to the Verified Complaint in the Housing Code Case or to appear in that case despite apparently good service of process.

15.    Borrower's failure to maintain and preserve the Property is further evidenced by the "Inspection Summary Report" filed on March 14, 2023 in the Housing Code Case, a true and correct copy of which is attached hereto as **Exhibit 5**.

16.    As a consequence of Borrower's payment defaults, on March 3, 2023, Lender elected to accelerate the maturity of the Term Loan, to impose the default rate of interest provided for by the Note and the other Loan Documents (the "Default Rate"), and demanded payment in full of all sums outstanding on account of the Term Loan. A true and correct copy of such demand is attached hereto as **Exhibit 6**.

17.    As of March 3, 2023, there was justly due and owing from Defendant to Lender, without set off , reduction, or defense, the following amounts on account of the Term Loan:

| | |
|---|---|
| Principal: | $3,075,000.00 |
| Interest (through 3/3/2023): | $87,591.07 |
| Late Charges: | $10,041.90 |
| Unpaid Loan Charges/Advances: | $100.00 |
| Estimated Payoff Charges: | $128.75 |
| Total: | $3,172,961.72 |

18.    Additional interest will continue to accrue on the unpaid principal balance of the Term Loan at the variable Default Rate of 21.6925% *per annum* or $1,827.52 *per diem* for each and every day from and after March 3, 2023 until date of payment.  Lender has incurred and will continue to incur additional costs, expenses and fees, including attorneys' fees, which are all recoverable under the Note and the other Loan Documents.

19.    Defendant continues to be in default of its obligations under the Loan Documents.

## COUNT I
(Contractual and Statutory Right to Receivership)

20.     Lender repeats and realleges the allegations in Paragraphs 1 through 19 as if set forth in full herein.

21.     The Loan Agreement provides that, upon the occurrence of a default under the Note and the Deed of Trust, and regardless of the solvency of the Borrower and even in the absence of waste, the Lender may take and maintain possession of the Property while exercising any of its rights and remedies set forth in the Loan Documents. *See* Loan Agreement, **Exhibit 2**, Page 23, § 9.1.1(c).

22.     The Deed of Trust further provides that, upon the occurrence of a default, Lender has the right "[t]o apply to any court having jurisdiction to appoint a receiver or receivers for the Property, as a matter of right and without notice to Borrower or anyone claiming under Borrower, and without regard to the then value of the Property or the adequacy of any security for the obligations secured hereby," indebtedness due and owing to Lender. See Deed of Trust, **Exhibit 3**, Page 10, §6.16.1(d).

23.     Pursuant to these provisions of the Loan Documents, Lender has the right to have a receiver appointed to operate, manage, safeguard and, if necessary and appropriate (and with Lender's and the Court's prior written approval), market and sell the Property. Lender seeks immediate appointment of a receiver for the Property which is necessary and desirable to protect the liens and encumbrances of the Deed of Trust with respect to the Property, to assess and, if appropriate, remedy any housing code violations found to exist at the Property, and to preserve and protect the Property against damage, loss, waste or destruction, pending its sale through foreclosure or other disposition.

6

24. Lender is further entitled to appointment of a receiver over the Property because Defendant apparently lacks the financial resources to manage the Property while servicing the Term Loan, as is evidenced by the Housing Code Case in which the Borrower has thus far failed to appear or to respond to the complaint filed therein despite apparently good service of process.

25. Lender is further entitled to the appointment of a receiver to manage the Property and to deal with the tenants and with DCDHS pending Lender's completion of a foreclosure sale of the Property and exercise of its other remedies under the Loan Documents and applicable law.

26. Lender lacks an adequate remedy at law. Lender will suffer irreparable harm if a receiver is not appointed to take possession of and control over the Property and the rents and profits of the Property because there exists a real and immediate risk that the Borrower's lack of financial resources to manage the Property will cause the Property to be dissipated, damaged, or diminished in value.

27. Lender requests that Mark G. Anderson Consultants, Inc. ("MGAC") be appointed receiver for the Property. MGAC has substantial experience and knowledge in project management and in the management and preservation of commercial real property in particular, as is evidenced by the Affidavit of Mark G. Anderson, President & CEO of MGAC, which is appended hereto marked **Exhibit 7**.

28. The Receiver is fit and proper to act as receiver herein; the Receiver holds no interests that would interfere with the proper performance of its duties as a receiver in this case; and the Receiver is willing to serve as receiver, on the terms and for the compensation specified in Exhibit A to **Exhibit 7**, which terms have been agreed to by Plaintiff.

29.     The relief requested is warranted in light of the continuing defaults by Defendant, the attendant risk to the Property, and the Plaintiff's clear contractual entitlement to the appointment of a receiver as set forth in the Loan Documents.

30.     Lender will suffer immediate, irreparable, and material loss and injury unless a receiver is immediately appointed.

**COUNT II**
**(Preliminary and Permanent Injunction)**

31.     Lender repeats and realleges herein the allegations set forth in paragraphs 1 through 30 hereof.

32.     Lender seeks and is entitled to a preliminary and permanent injunction ordering Defendant to turn over and release to the Receiver all keys or security codes for the Property and all records relating to the Property, and ordering Defendant to turn over and release to the Receiver all contracts, agreements, permits, licenses, drawings, specifications, and other items relating to the Property.

33.     Lender further seeks an order enjoining Defendant and its members, agents, or employees from interfering with Lender's rights under the Deed of Trust, and from interfering with any Receiver appointed by the Court.

34.     Lender will suffer irreparable harm if the relief sought herein is not granted.

35.     Lender lacks an adequate remedy at law.

**WHEREFORE**, the Plaintiff, GENESIS CAPITAL, LLC, respectfully requests:

A.     That this Court appoint Mark G. Anderson Consultants, Inc. as the receiver of the Property, on the terms and for the compensation specified in in Exhibit A to **Exhibit 7** of this Complaint;

8

B.      That this Court authorize and empower said Receiver to take possession of and manage the Property on behalf of Plaintiff and Defendant, and to take any and all actions as it may deem necessary and proper to manage, lease, insure and protect the Property; to preserve, protect, and maintain the Property, including against vandalism, theft, burglary, and unauthorized intrusion or trespass by any third party and against destruction or damage by fire, water or the elements; to collect any rents and profits of the Property and to use the same and such other funds as may become available to said Receiver, by way of advancement or otherwise, in the payment of the expenses of said Receivership and the management and operation of the Property; to assess any and all housing code violations at the Property and, if appropriate (and with the prior written consent of the Plaintiff), to take steps to remedy such violations; to manage the Property or, with the prior written consent of the Plaintiff, to hire a new management company to preserve and protect the Property, and either directly or through such company to hire attorneys, accountants, bookkeepers, real estate brokers, maintenance personnel, groundskeepers, auctioneers, electricians, plumbers, management agents, advertisement and media representatives, and such other related employees and independent contractors, and to procure such policies of insurance, as it may deem necessary and appropriate to the proper management, operation, protection and/or preservation of the Property, and to the collection of the profits therefrom;

C.      That this Court further authorize and empower the Receiver, subject to and only with the prior written approval of Plaintiff, to market and advertise the Property for sale, and to sell the Property (including all personal property located thereon) for the highest price which, in the Receiver's discretion, and subject to review and approval by the Plaintiff and the Court, is the best price available, with the proceeds from such sale to be applied in the same manner as the

9

proceeds of a power of sale foreclosure sale are to be applied, as provided by the terms on the Deed of Trust;

D.      That this Court recognize and affirm the Plaintiff's right to credit bid its indebtedness at any sale conducted by the Receiver and approved by the Court;

E.      That this Court declare and determine the rights of the parties under the Note, the Deed of Trust, and the other Loan Documents, and in so doing determine that Plaintiff is entitled to exercise all of its rights and remedies under the Deed of Trust, including the assumption of control of the Property;

F.      That this Court grant Plaintiff's motion for a preliminary and permanent injunction, ordering Defendant to turn over to the Receiver all keys or security devices providing access to the Property, all rents, issues, and profits arising from the Property, and similarly decreeing that the fee owner, operators, and managers of the Property and all other persons (including the Defendant's accountants) shall relinquish possession of the Property, and turn over to said Receiver all books, records (including all documents reflecting notes, loans, leases, claims, or contracts held by Defendant with respect to the Property), ledgers, check books, accounting and bookkeeping files, inventory list, rent rolls or lists, orders, agreements, service contracts, vendor agreements, municipal notices, post office boxes, trust boxes, safety deposit boxes, all relating to the operation of the Property or any of its facilities, immediately upon entry of this Order and service a copy of this Order upon the Defendants;

G.      That this Court award attorneys' fees and all related collection and enforcement costs incurred by Plaintiff, as provided for in the Note, the Deed of Trust, and other Loan Documents; and

H.      That this Court grant such other and further relief as is necessary and appropriate.

10

Date:  March 24, 2023                    Respectfully submitted,


                                     /s/ Richard E. Hagerty
                                     Richard E. Hagerty (DC Bar # 411858)
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel:     (202) 274-1910
Fax:    (703) 448-6520
Email: richard.hagerty@troutman.com

*Attorneys for Plaintiff, Genesis Capital, LLC*

11

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am YVONNE GRUENBERG, an authorized signatory for Genesis Capital, LLC, that I have read the allegations set forth above in the Verified Complaint, and that to the best of my knowledge, information, and belief such representations are true and accurate.

03/22/23
Date

YVONNE GRUENBERG
Authorized Signatory
Genesis Capital, LLC