UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GENESIS CAPITAL, LLC,

    Plaintiff,

    v.                                                                                 Civil Action No. 23-795 (JEB)

THE LAURAVIN LUXURY
APARTMENTS HOMES, LLC,

    Defendant.

## MEMORANDUM OPINION

Last April, Plaintiff Genesis Capital, LLC provided Defendant Lauravin Luxury Apartments Homes, LLC an approximately $3 million mortgage on a multi-unit residential building. That apparently was a mistake. According to Plaintiff, Lauravin is now in default for failing to make the requisite monthly payments and for not properly maintaining the property. Genesis therefore filed a two-count Complaint seeking appointment of a receiver for that property and a preliminary injunction in service of the appointment. Because it finds that Genesis has failed to show that such relief is justified here, the Court will deny the Motion.

**I.     Background**

On April 13, 2022, Lauravin executed a Promissory Note documenting a $3,075,000 loan it received from Genesis. See ECF No. 1 (Compl.), ¶ 8; No. 1-1 (Promissory Note). The loan is secured in part by Lauravin's property at 1701 E St., NE, which is a six-unit apartment building occupied by individual tenants. See Compl., ¶ 7.

According to Plaintiff, Lauravin is currently in default under the terms of the loan for two reasons. First, it never made the requisite principal and interest payments for the months of

1

January, February, and March of 2023.  Id., ¶ 13; ECF No. 1-6 (Notice of Default) at 2.  Second, Defendant violated the loan agreement via "its failure to maintain and preserve the Property."  Compl., ¶ 13.  As evidence of that failure, Plaintiff points to a pending housing-code complaint filed by a tenant of the property in the Superior Court of the District of Columbia.  Id., ¶ 14.  That complaint alleges, among other things, that her unit is afflicted by plumbing leaks, cracks on the walls and ceilings, mold, rodents, and broken doors.  See ECF No. 1-4 (Housing Code Compl.) at 4.  Genesis alleges that Defendant "failed to respond to [that complaint] or to appear in that case despite apparently good service of process."  Compl., ¶ 14.

In light of the ongoing breaches, Genesis "elected to accelerate the maturity date of the Loan" and demanded immediate payment for all sums due.  See Notice of Default at 2.  As of March 3, 2023, that amount totaled $3,172,961.72, which includes the full principal of the loan, unpaid interest, and other charges.  Id.

Plaintiff initiated this suit by filing a two-count Complaint on March 24.  Count I is labeled "Contractual and Statutory Right to Receivership."  Compl., ¶¶ 20–30.  More specifically, it asks this Court to appoint a receiver — Mark G. Anderson Consultants, Inc. — "to operate, manage, safeguard and, if necessary and appropriate (and with Lender's and the Court's prior written approval), market and sell the Property."  Id., ¶¶ 23, 27.  Genesis believes a receiver could best "preserve and protect the Property against damage, loss, waste or destruction" and notes that the terms of the loan specifically provide for such an appointment.  Id., ¶¶ 21–23.  Count II seeks a preliminary and permanent injunction in service of that appointment.  Id., ¶¶ 31–35.  Genesis would like an order directing Lauravin to "turn over and release to the Receiver all keys or security codes for the Property and all records relating to" it.  Id., ¶ 32.

On the same day it filed the Complaint, Plaintiff also filed a Motion for Appointment of Receiver and Preliminary Injunction. See ECF No. 3 (Mot.). This Court held a hearing on the Motion on May 15.

## II.     Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. NRDC, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Sherley v. Sebelius, 644 F.3d 388, 392 (D.C. Cir. 2011) (quoting Winter, 555 U.S. at 20). "The moving party bears the burden of persuasion and must demonstrate, 'by a clear showing,' that the requested relief is warranted." Hospitality Staffing Solutions, LLC v. Reyes, 736 F. Supp. 2d 192, 197 (D.D.C. 2010) (citing Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006)).

Before the Supreme Court's decision in Winter, courts weighed the preliminary-injunction factors on a sliding scale, allowing a weak showing on one factor to be overcome by a strong showing on another. See Davenport v. Int'l Bhd. of Teamsters, 166 F.3d 356, 360–61 (D.C. Cir. 1999). This Circuit, however, has suggested, without deciding, that Winter should be read to abandon the sliding-scale analysis in favor of a "more demanding burden" requiring Plaintiffs to independently demonstrate both a likelihood of success on the merits and irreparable harm. Sherley v. Sebelius, 644 F.3d 388, 392 (D.C. Cir. 2011).

This Court need not resolve the viability of the sliding-scale approach today. For purposes of this case, it is sufficient to note that "[w]hichever way Winter is read, it is clear that a failure to show a likelihood of success on the merits is alone sufficient to defeat a preliminary-

3

injunction motion." Smith v. Henderson, 944 F. Supp. 2d 89, 96 (D.D.C. 2013); see also Trudeau v. FTC, 456 F.3d 178, 182 n.2 (D.C. Cir. 2006) ("[A] court may not issue a preliminary injunction where the plaintiff has no likelihood of success on the merits.") (citing Michigan State v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997)); Transohio Sav. Bank v. Dir., Off. of Thrift Supervision, 967 F.2d 598, 614, 624 (D.C. Cir. 1992) (affirming district court's denial of preliminary injunction, where district court found movant's "likelihood of prevailing on the merits 'is nil'" and thus found "'little need' to discuss the other factors").

**III.   Analysis**

As just discussed, to prevail on its Motion for a Preliminary Injunction, Genesis must demonstrate, at the very least, that it is likely to succeed on the merits of this case. It cannot do so for a very elementary reason: the Complaint contains no cause of action on which Genesis could succeed. Unsuck DC Metro v. Washington Metro. Area Transit Auth., No. 20-7051, 2022 WL 683403, at *2 (D.C. Cir. Feb. 11, 2022) ("Without a cause of action, Unsuck cannot ultimately succeed on the merits of its suit."); Brown v. FEC, 386 F. Supp. 3d 16, 28 (D.D.C. 2019) ("Plaintiffs are also unlikely to succeed on the merits . . . [because] Count III contains no discernible cause of action."); Butler v. Georgetown Univ., No. 22-1517, 2022 WL 1773479, at *3 (D.D.C. June 1, 2022) ("Plaintiff's Motion for Preliminary Injunction is doomed for a more fundamental reason: he fails to state a valid cause of action.").

This is so because both counts of Genesis's Complaint ultimately amount to prayers for relief rather than causes of action. Begin with Count II, which presents the more straightforward question. Genesis there seeks a preliminary and permanent injunction. Such an injunction is undoubtedly a "remedy," not a cause of action. See, e.g., Winter, 555 U.S. at 22 (describing preliminary injunction as "extraordinary remedy"). Unsurprisingly, even Plaintiff describes it as

such in the Complaint.  See Compl., ¶ 34 ("Lender will suffer irreparable harm if the relief sought herein is not granted.").

Count I, which seeks the appointment of a receiver, fares no better.  Id., ¶¶ 20–30.  Like a preliminary injunction, a receivership is not a cause of action but rather a form of relief.  Gordon v. Washington, 295 U.S. 30, 37 (1935) ("A receivership is only a means to reach some legitimate end sought through the exercise of the power of a court of equity.") (emphasis added).  More precisely, it is "an ancillary equitable remedy that can be granted only in connection with a pending case or other cause of action."  New York Cmty. Bank v. Sherman Ave. Assocs., LLC, 786 F. Supp. 2d 171, 176 (D.D.C. 2011) (citing Kelleam v. Maryland Cas. Co. of Baltimore, 312 U.S. 377, 381 (1941)) (emphasis added).  Here, Genesis does not seek a receivership in connection with an independent cause of action — say, breach of contract — though the allegations of default in its Complaint suggest that it could have done just that.  It thus makes no sense to address Plaintiff's "likelihood of success on the merits" of Count I, as there is no cause of action on which it could succeed.

There is a related but independent basis for denial of Genesis's Motion for Appointment of a Receiver.  The Supreme Court has "frequently admonished that a federal court of equity should not appoint a receiver where the appointment is not a remedy auxiliary to some primary relief which is sought and which equity may appropriately grant."  Kelleam, 312 U.S. at 381.  Courts thus reserve receiverships for situations where the party seeking such a remedy clearly does so in service of an ultimate end, and not as an end in itself.  See, e.g., Fed. Nat'l Mortg. Ass'n v. Maple Creek Gardens, LLC, No. 09-14703, 2010 WL 374033, at *2 (E.D. Mich. Jan. 25, 2010) (appointing receiver on grounds that movant was "not simply asking the Court to appoint a receiver and issue an injunction.  Rather, [it] has filed an action seeking to enforce a

contract (i.e. the Note and Mortgage)."); cf. U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC, 866 F. Supp. 2d 247, 256–57 (S.D.N.Y. 2012) (finding that "where an explicitly stated and contemplated end of the receivership" is a complex, multi-property, and multi-state foreclosure action, receivership can be appropriate even when "no [other] immediate relief" is sought).

Where a receivership is "sought as the primary form of relief," by contrast, courts have declined to make such an appointment "regardless of the justification." Sherman, 786 F. Supp. 2d at 176; see also, e.g., Fed. Nat'l Mortg. Ass'n v. Wellington Invs., LLC, No. 11-11414, 2011 WL 2787270, at *3 (E.D. Mich. July 15, 2011) ("In light of Supreme Court authority, this Court has ancillary jurisdiction to appoint a receiver only as a means to accomplish[] the purpose of the action. . . . Here, Plaintiff seeks no final disposition of the property."); Power Support (USA), Inc. v. Power Support, Ltd., No. 12-10900, 2013 WL 12113231, at *4 (C.D. Cal. June 7, 2013) ("[T]he appointment of a receiver is ancillary to some other pending cause of action, and is not a stand-alone remedy where no other relief is sought."). This is such a case. Since Genesis seeks no other ultimate relief in its Complaint, this Court could not impose a receivership alone even if such a remedy was otherwise justified. See Compl., ¶ 27 (seeking receivership appointment); ¶¶ 32–33 (seeking injunction in service of receivership); id., ¶ 23 (suggesting that decision to dispose of property has not yet been made and that such sale would occur only "if necessary and appropriate"); Sherman, 786 F. Supp. 2d at 176.

**IV.    Conclusion**

For the foregoing reasons, the Court will deny Plaintiff's Motion for Appointment of Receiver and Preliminary Injunction. A separate Order so stating shall issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: May 15, 2023